UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
-----------------------------------------------------------------
MARTIN J. WALSH, Secretary of Labor,           :
United States Department of Labor,
                                               :   Civil Action File
                Plaintiff,                         No. 22-5289
                                               :
       v.
                                               :
                                                   **COMPLAINT**
INTERARCH, INC., SHIRLEY S. HILL,
VERNON W. HILL, II, and the                    :
INTERARCH, INC. PROFIT SHARING PLAN,
                                               :
                Defendants.
                                               :
-----------------------------------------------------------------

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

## PRELIMINARY STATEMENT

1. From at least August 30, 2016 through the Plan's termination as of June 30, 2020 (the "relevant time period"), Defendants Shirley Hill, Vernon Hill, and InterArch, Inc. ("InterArch") (collectively, "Defendants") were fiduciaries of the InterArch, Inc. Profit Sharing Plan (the "Plan"), which was sponsored by InterArch. In violation of their fiduciary duties of loyalty, prudence, and diversification, Defendants mismanaged Plan assets at all relevant times, ultimately resulting in significant loss to the Plan.

2. Specifically, during the relevant time period, Defendants invested as much as 70% of the Plan's assets in the stock of Metro Bank, PLC ("Metro Bank"), a London-based bank of which Defendant Vernon Hill was Chairman.

3. Furthermore, during the same time period, Defendants invested at least 13% of the

Plan's assets in the stock of Republic First Bancorp, Inc. dba Republic Bank ("Republic Bank"), of which Vernon Hill was a senior leader.

4. Defendants did not diversify the Plan's holdings during the relevant time period, even as the share prices of both Metro Bank and Republic Bank fluctuated significantly. It was only in June 2020 as they prepared to and did terminate the Plan that Defendants sold the Plan's shares in Metro Bank. Defendants never sold the Plan's Republic Bank stock.

5. The Secretary brings this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, against InterArch, Inc. ("InterArch"), Shirley S. Hill, and Vernon W. Hill, II, seeking restitution and other appropriate relief for harms suffered by the InterArch, Inc. Profit Sharing Plan (the "Plan").

## JURISDICTION AND VENUE

6. The Secretary brings this action under ERISA §§ 409, 502(a)(2), and 502(a)(5), 29 U.S.C. §§ 1109, 1132(a)(2), and 1132(a)(5), to redress violations and enforce Title I of ERISA.

7. This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

8. Venue with respect to this action lies in the United States District Court for the District of New Jersey, under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because InterArch is located in Moorestown, New Jersey and Shirley and Vernon Hill reside in Moorestown, New Jersey, within this district, and the fiduciary breaches at issue in this Complaint occurred within this district.

## PARTIES

9. Plaintiff the Secretary has authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who breach their duties under Title I of

ERISA. 29 U.S.C. § 1132(a)(2), (5).

10. Defendant InterArch is a design firm incorporated in New Jersey, with its principal place of business at 123 Chester Avenue, Moorestown, New Jersey 08057.

11. During the relevant time period, Defendant InterArch was the sponsor of the Plan and was designated the Plan administrator.

12. During the relevant time period, Defendant InterArch had authority to administer and manage the Plan and therefore is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

13. During the relevant time period, Defendant Shirley Hill was InterArch's President, Chief Executive Officer, and sole owner.

14. During the relevant time period, Defendant Shirley Hill was the sole named trustee of the Plan.

15. During the relevant time period, the named trustee or another designated person or entity was responsible for the investment of all assets held by the Plan.

16. During the relevant time period, no person or entity other than the named trustee was designated as responsible for the investment of the Plan's assets.

17. During the relevant time period, Defendant Shirley Hill exercised authority or control respecting management or disposition of Plan assets and had discretionary authority or responsibility over Plan administration. Shirley Hill is therefore a Plan fiduciary under ERISA § 3(21)(A). 29 U.S.C. § 1002(21)(A).

18. Defendant Shirley Hill was also a party in interest to the Plan during the relevant time period under ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), (H), as she is a fiduciary of the plan and was the sole owner of InterArch.

19. Defendant Vernon W. Hill, II is and was during the relevant time period the husband of Shirley Hill.

20. Defendants held Vernon Hill out as a fiduciary to Plan participants, including in an "Agreement and Release" provided by Defendants to Plan participants on May 22, 2020, which stated that Vernon Hill was, as of that date, "a fiduciary of the InterArch, Inc. Profit Sharing Plan and Trust."

21. During the relevant time period, Defendant Vernon Hill provided investment advice to Shirley Hill, which she heavily relied on in investing the Plan's assets.

22. Upon information and belief, Shirley Hill relied on Vernon Hill's investment advice in investing the Plan's assets to such an extent that Vernon Hill exercised effective control over the Plan's assets.

23. Through his investment advice to Shirley Hill, Vernon Hill caused the Plan's assets to be invested in ways which would personally benefit him.

24. During the relevant time period, Defendant Vernon Hill exercised authority or control respecting management or disposition of Plan assets. Vernon Hill is therefore a Plan fiduciary under ERISA § 3(21)(A)(i). 29 U.S.C. § 1002(21)(A)(i).

25. Defendant Vernon Hill was also a party in interest to the Plan during the relevant time period under ERISA § 3(14)(A) and (F), 29 U.S.C. § 1002(14)(A), (F), as he was a fiduciary of the Plan and the husband of Shirley Hill, a Plan fiduciary and the sole owner of InterArch.

26. During the relevant time period, the Plan was an employee benefit plan within the meaning of ERISA § 3(2) and (3), 29 U.S.C. § 1002(2) and (3). The Plan is joined as a defendant pursuant to Federal Rule of Civil Procedure 19 solely to ensure that complete relief can be granted. Collective references to "Defendants" do not include the Plan unless otherwise indicated.

## FACTUAL ALLEGATIONS

27. The Plan is a defined contribution profit sharing plan that was originally made effective as of November 1, 1976 and was terminated as of June 30, 2020.

28. The Plan was funded primarily by employer contributions. Defendants made all investment decisions.

### The Plan's Investments in Metro Bank

29. Metro Bank is a bank incorporated in the United Kingdom with its principal place of business in London, United Kingdom.

30. Defendant Vernon Hill co-founded Metro Bank in 2010.

31. Defendant Vernon Hill served as Metro Bank's non-executive Chairman of the Board from Metro Bank's founding through December 17, 2019.

32. Defendant Vernon Hill owned a significant stake in Metro Bank throughout the relevant time period.

33. In 2010, Defendants acquired an equity position in Metro Bank for the Plan.

34. In March 2016, Metro Bank went public in an initial public offering ("IPO") and its stock began trading on the London Stock Exchange under ticket symbol MTRO.

35. Metro Bank stock also is and was throughout the relevant time period traded in the United States under the symbol MBNKF.

36. The Plan subscribed to Metro Bank's IPO and Defendants purchased additional shares in Metro Bank for the Plan at that time.

37. By the end of April 2016, Metro Bank shares made up 63.9% of the Plan's portfolio.

38. Rather than rebalancing, Defendants maintained the Plan's Metro Bank positions and the stock continued to constitute 59% or more of the Plan's portfolio through the remainder

of 2016 and into 2017. As of the end of February 2017, Metro Bank stock made up 64.8% of the Plan's portfolio.

39. In or around March 2017, Defendants transferred 15,000 of the Plan's 375,400 shares of Metro Bank to Shirley Hill as part of her required minimum distribution for 2017. However, even after the transfer of those 15,000 shares, the Plan still held 360,400 shares with a total market value of $14,664,531.84, making up 62.3% of the Plan's total assets. The concentration in Metro Bank stock reached 69.7% of the Plan's assets (having a market value of $18,624,498.92) by the end of February 2018.

40. The price of Metro Bank's shares peaked in March 2018, then began a steady and dramatic decline throughout 2018 and 2019 and into 2020. Between March 14, 2018 and July 31, 2019, the Metro Bank share price dropped from $57.13 to $4.47.

41. As the value of Metro Bank stock declined, Defendants acquired 166,374 additional Metro Bank shares for the Plan in 2018 and 2019.

42. As of July 31, 2019, the Plan's Metro Bank holdings made up 41.36% of its total assets, down from 69.7% at the end of February 2018, despite the additional 166,374 shares acquired since then, purely due to decline in the share price.

43. Defendants did not sell any Metro Bank shares for the Plan until June 8, 2020. Then, over two days, Defendants sold all of the Plan's Metro Bank shares for a total of $731,470.42, over $17,893,028.50 (or 96%) less than the shares' peak value.

## Defendants' Investments in Republic Bank

44. Republic Bank is a Philadelphia-based bank incorporated in Pennsylvania.

45. Republic Bank trades on the Nasdaq stock market as Republic First Bancorp under the symbol FRBK, and did so throughout the relevant time period.

46. Upon information and belief, Defendant Vernon Hill joined Republic Bank in a leadership role in 2008.

47. Defendant Vernon Hill became Chairman of Republic Bank in 2016.

48. In addition to being Chairman, Defendant Vernon Hill became Chief Executive Officer of Republic Bank in 2019.

49. On or around June 21, 2010, Defendants purchased 500,000 Republic Bank shares for the Plan.

50. By January 29, 2016, the 500,000 Republic Bank shares made up 33.3% of the Plan's portfolio.

51. After Metro Bank's IPO, the Plan continued to hold the same number of Republic Bank shares, which at the end of April 2016 made up 12.65% of the Plan's portfolio, a decrease caused only by the holdings of Metro Bank shares.

52. The price of Republic Bank's shares peaked in June 2017, then began a steady decline through June 2020. Between June 16, 2017 and the end of June 2020, the Republic Bank share price dropped from $9.75 to $2.05.

53. As of the end of June 2017, Republic Bank shares made up 17.5% of the Plan's assets, with a market value of $4,625,000.00.

54. Despite the decreasing value of Republic Bank stock, Defendants did not take any steps to sell any of the Plan's Republic Bank shares between June 2017 and June 2020.

55. By July 31, 2019, the Plan's Republic Bank shares made up 38.9% of the Plan's assets, an increase caused by the relative decrease in value of Metro Bank shares.

56. Defendants sold no Republic Bank shares for the Plan. The Republic Bank shares were transferred out of the Plan on August 6, 2020, at which point they had a market value of

7

$1,180,000.00, more than $3,445,000 (or 74%) less than the shares' peak value.

## FIRST CLAIM FOR RELIEF
### (Against InterArch, Shirley Hill, and Vernon Hill for Breaches of Duties of Loyalty and Prudence and Duty to Diversify)

57. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

58. ERISA requires, *inter alia*, that fiduciaries act prudently and loyally in the sole interest of Plan participants and beneficiaries, ERISA § 404(a)(1)(A)-(B), 29 U.S.C. § 1104(a)(1)(A)-(B), and discharge their duties with respect to plans by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so. *See* ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C).

59. Defendants failed to protect the Plan and its participants' and beneficiaries' interests by, among other things:

   a. investing large proportions of the Plan's assets in the stock of companies in which Vernon Hill, and through him, Shirley Hill, had significant interests;

   b. failing to monitor the Plan's investments and assess whether those investments were consistent with Defendants' duties of loyalty and prudence and their duty to diversify; and

   c. allowing the Plan's assets to be invested in a non-diversified manner, with as much as 70% of the Plan's assets in a single stock and an additional 13% or more of the Plan's assets in a second single stock.

60. By their actions and omissions, Defendants:

   a. failed to discharge their duties to the Plan solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying

    reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

  b. failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B); and

  c. failed to diversify the investments of the Plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so, in violation of ERISA § 404(a)(1)(C), 29 U.S.C. § 1104(a)(1)(C).

61. As a direct and proximate result of the conduct described above, Defendants caused the Plan and its participants to suffer harm.

62. Defendants are therefore jointly and severally liable under ERISA § 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

**SECOND CLAIM FOR RELIEF**
**(Against InterArch, Shirley Hill, and Vernon Hill for Prohibited Transactions)**

63. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

64. ERISA § 406(a)(1)(D) prohibited InterArch, as the Plan Administrator, and Shirley and Vernon Hill, as Plan fiduciaries, from using Plan assets for the benefit of a "party in interest." 29 U.S.C. § 1106(a)(1)(D).

65. Shirley Hill, as a Plan fiduciary and 100% owner of InterArch, was a "party in interest" to the Plan. ERISA § 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H).

66. Vernon Hill, as a Plan fiduciary and husband of Shirley Hill, was a "party in

interest" to the Plan. ERISA § 3(14)(A) and (F), 29 U.S.C. § 1002(14)(A) and (F).

67. During the relevant time period, InterArch, Shirley Hill, and Vernon Hill caused the Plan to purchase shares in Metro Bank. As Chairman of and equity holder in Metro Bank, Vernon Hill was benefitted by these purchases. As Vernon's wife, Shirley Hill was also benefitted by these purchases.

68. By their actions and omissions, Defendants caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of Plan assets to a party in interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

69. Defendants are therefore jointly and severally liable under ERISA § 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

### THIRD CLAIM FOR RELIEF
### (Against Shirley Hill and Vernon Hill for Self-Dealing)

70. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations in all prior paragraphs.

71. ERISA § 406(b)(1) prohibits Plan fiduciaries from dealing with Plan assets in their "own interest" or for their "own account." 29 U.S.C. § 1106(b)(1).

72. During the relevant time period, Shirley Hill and Vernon Hill used Plan assets to purchase shares of Metro Bank stock, which furthered Vernon Hill's interests as Chairman of and equity holder in Metro Bank and therefore Shirley Hill's interests as Vernon's wife.

73. By their actions and omissions, Shirley Hill and Vernon Hill engaged in prohibited self-dealing in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1).

74. Defendants are therefore jointly and severally liable under ERISA § 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary requests that the Court grant the following relief:

1. Ordering InterArch, Shirley Hill, and Vernon Hill jointly and severally to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2. Permanently enjoining Shirley Hill and Vernon Hill from serving as fiduciaries or service providers to any ERISA-covered plan;

3. Granting appropriate injunctive and other equitable relief to redress the ERISA violations, to enforce ERISA, and to prevent future ERISA violations; and

4. Granting such other relief as may be equitable, just, and proper.

DATED:   August 30, 2022
         New York, New York

                              Respectfully submitted,

                              SEEMA NANDA
                              Solicitor of Labor

                              JEFFREY S. ROGOFF
                              Regional Solicitor

                     BY:   /s/ Amanda M. Wilmsen
                           AMANDA M. WILMSEN
                           Trial Attorney

                           U.S. Department of Labor,
                           *Attorneys for Plaintiff Secretary of Labor*

                           U.S. Department of Labor
                           Office of the Regional Solicitor
                           201 Varick Street, Room 983
                           New York, NY 10014
                           (646) 264-3691
                           (646) 264-3660 (fax)

wilmsen.amanda.m@dol.gov  
NY-SOL-ECF@dol.gov