UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

                        Plaintiff,

v.

INTERARCH, INC., SHIRLEY S. HILL,
VERNON W. HILL, II, and the
INTERARCH, INC. PROFIT SHARING PLAN,

                        Defendants.

Civil Action File
No. 22-cv-5289-NLH-MJS

**CONSENT ORDER AND JUDGMENT**

---

      Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants InterArch, Inc., Shirley S. Hill, Vernon W. Hill, II, and the InterArch, Inc. Profit Sharing Plan (collectively, "Defendants") agree to the entry of this Consent Order and Judgment as a complete resolution of all issues in contention between them in this matter. The Secretary has filed his complaint and Defendants waive their answer and agree to the entry of the Consent Judgment without contest. The Plan was named as a Defendant for the purpose of ensuring complete relief among the parties under Rule 19 of the Federal Rules of Civil Procedure.

      This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, as amended, and was brought by the Secretary pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to obtain relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to enjoin acts and practices which violate the provisions of Title I of ERISA.

      Pursuant to ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), the Secretary has authority to enforce the provisions of Title I of ERISA by, among other means, the filing and

prosecution of claims against fiduciaries and other parties who are in violation of ERISA.

The Plan is and was at all relevant times to this action an employee pension benefit plan within the meaning of ERISA § 3(2) and (3), 29 U.S.C. § 1002(2) and (3).

Shirley S. Hill was at all relevant times to this action the sole named trustee of the Plan and was a fiduciary of the Plan because she exercised authority or control respecting the management or disposition of the assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

Vernon W. Hill, II was at all relevant times to this action a fiduciary of the Plan because he exercised authority or control respecting the management or disposition of the assets of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

InterArch, Inc. was at all relevant times to this action a fiduciary of the Plan because it was the sponsor and designated administrator of the Plan and because it was the employer of participants in the Plan.

Defendants have agreed not to contest the allegations in the Secretary's complaint that they violated ERISA §§ 404(a)(1)(A), (B), and (C); 406(a)(1)(D); and 406(b)(1), in a manner which caused financial losses to the accounts of Participants in the Plan.

Defendants have agreed to pay $1,836,853.42 in this case to the Plan Participants and an additional sum in a related case described below in settlement of claims that their breach of fiduciary duties caused financial losses to the accounts of Participants in the Plan.

The Secretary and Defendants have agreed to resolve all matters in controversy in this action and said parties do now consent to entry of a Consent Order and Judgment by this Court.

Upon consideration of the record herein, and as agreed to by the Secretary and Defendants, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

IT IS THEREFORE ORDERED that:

1. Defendants are held jointly and severally liable to the Plan in the total amount of $1,836,853.42. This figure is comprised of:

   a. $1,651,569.07 representing the amount payable to individual Plan participants and beneficiaries; and

   b. $185,284.35 representing lost opportunity costs on the amount payable to individual Plan participants and beneficiaries.

2. Defendants agree to deposit the sum $1,836,853.42 referred to in Paragraph 1 to an interest-bearing escrow account for the benefit of the Plan by September 30, 2022, pursuant to a written escrow agreement providing that the escrow agent shall transfer such sum and the earnings thereon to the Plan within 14 days after the appointment of an independent fiduciary for the Plan as described below.

3. The parties anticipate that Defendants will pay an additional $1,185,339.13 to the Plan as the result of a settlement in the related case in this district of *McCann v. Hill, et al.*, Case No. 1:20-CV-06435-NLH-JS. Should the parties in that case reach a settlement that results in recovery to the Plan of less than that amount, Defendants and the Secretary shall enter into an additional Consent Order and Injunction in this case to provide for Defendants' additional payment to the Plan of the difference between $1,185,339.13 and the actual settlement amount allocated to Plan participants other than Shirley S. Hill in *McCann v. Hill*.

4. Upon payment of the restitution described in Paragraphs 1 and 2, Defendants are hereby assessed a penalty under ERISA § 502(l), 29 U.S.C. § 1132(l). The Secretary has agreed to compromise and reduce the amount of the 502(l) penalty and hereby agrees to accept, as full satisfaction of the assessed 502(l) penalty, $183,685.34. Defendants hereby waive the notice of

assessment and service requirement of 29 C.F.R. § 2570.83, and waive all legal rights to appeal, contest, or seek a further reduction of the 502(l) penalty. By October 21, 2022, Defendants shall pay the 502(l) penalty by sending a certified or cashier's check to:

**Standard (Regular U.S. Mail) Remittance Address:**

ERISA Civil Penalty
P.O. Box 6200-36
Portland, OR 97228-6200

or

**Express Mail or Commercial Overnight Delivery Address:**

U.S. Bank
Attn: ERISA Civil Penalty #6200-36
17650 NE Sandy Blvd.
PD-OR-C1GL
Portland, OR 97230

The certified or cashier's check for the 502(l) penalty shall be made payable to the United States Department of Labor and must reference EBSA Case No. 20-014092(48). Defendants shall provide notice to the Secretary of this payment.

5.      Defendants agree that by no later than September 30, 2022, they will engage an independent fiduciary, subject to approval by the Secretary, to distribute the assets of the Plan in accordance with applicable Plan documents, ERISA, and other applicable federal law. No part of the restitution described in paragraphs 1 and 2 will be allocated to the Plan account of Shirley S. Hill.

6.      Upon the completion of the distribution of all restitution described in paragraphs 1, 2, and 3, and the restitution payments ordered in *McCann v. Hill, et al.*, Defendants shall instruct the independent fiduciary to terminate the Plan in accordance with applicable Plan documents, ERISA, and other applicable federal law.

7. Defendants shall instruct the independent fiduciary to provide proof of payments and updates regarding the distribution of the Plan's assets and the termination of the Plan to the Secretary every month, beginning no later than October 30, 2022 and to continue to send status updates until the Plan is terminated. Defendants shall instruct the independent fiduciary to send the monthly status updates to the following address:

U.S. Department of Labor
Employee Benefits Security Administration
Philadelphia Regional Office, Attn: Regional Director
1835 Market Street, 21st Floor
Mailstop EBSA/21
Philadelphia, PA 19103-2968

8. Defendants are permanently enjoined and restrained from engaging in any action in violation of Title I of ERISA.

9. Effective no later than September 30, 2022, or such earlier date that Defendants engage an independent fiduciary, subject to approval by the Secretary as set forth above, Defendants Shirley S. Hill and Vernon W. Hill, II are permanently enjoined from serving or acting as fiduciaries or service providers to any employee benefit plan subject to Title I of ERISA.

10. Each party agrees to bear his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. The parties agree that this document may be executed via counterpart or electronic signatures and that a signature via facsimile or PDF and electronic mail will be deemed an original signature and will be binding upon the party transmitting the signature by facsimile or PDF and electronic mail.

12. The Court directs the entry of this Consent Order and Judgment as a final order.

13. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

14. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor.

| | | |
|---|---|---|
| _____<br>SHIRLEY S. HILL | 8/29/2022<br>Date | SEEMA NANDA<br>Solicitor of Labor |
| _____<br>VERNON W. HILL, II | 8/29/2022<br>Date | JEFFREY S. ROGOFF<br>Regional Solicitor |
| | | /s/ Amanda M. Wilmsen          8/30/22<br>AMANDA M. WILMSEN              Date<br>Trial Attorney |
| _____<br>INTERARCH, INC.<br>By Shirley S. Hill | 8/29/2022<br>Date | U.S. Department of Labor<br>Attorneys for Plaintiff<br>Martin J. Walsh, Secretary of Labor |
| _____<br>INTERARCH, INC. PROFIT<br>SHARING PLAN<br>By Shirley S. Hill | 8/29/2022<br>Date | |
| _____<br>COZEN O'CONNOR<br>By Jeffrey I. Pasek<br>Attorneys for Defendants | 8-26-22<br>Date | |

Dated: September 23, 2022

SO ORDERED:

s/ Noel L. Hillman
UNITED STATES DISTRICT JUDGE